DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone:  (702) 634-5000
Facsimile:   (702) 380-8572
Email:  darren.brenner@akerman.com
Email:  natalie.winslow@akerman.com

*Attorneys for Plaintiff U.S. Bank National Association, as Trustee for Bayview Opportunity Master Fund IIIA Remic Trust 2016-RN3*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BAYVIEW OPPORTUNITY MASTER FUND IIIA REMIC TRUST 2016-RN3, | Case No.:      2:17-cv-00109 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| ANTRECE WILLIAMS; SIERRA RANCH HOMEOWNERS ASSOCIATION; LEACH JOHNSON SONG & GRUCHOW, LTD.; SATICOY BAY LLC SERIES 5841 FERAL GARDEN; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

U.S. Bank National Association, as Trustee for Bayview Opportunity Master Fund IIIA Remic Trust 2016-RN3 (**U.S. Bank**) complains as follows:

## PARTIES AND JURISDICTION

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. U.S. Bank is a citizen of Ohio and on information and belief none of the defendants is a citizen of Ohio.  The amount in controversy exceeds $75,000.00.

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

2.    U.S. Bank is a national banking association.  Its headquarters and primary office are in Cincinnati, Ohio.  U.S. Bank is a citizen of Ohio for purposes of diversity jurisdiction.  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).  The diversity of citizenship requirement is met.  *See Carolina Casualty Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014).  Defendants Sierra Ranch Homeowners Association (**HOA**), Leach Johnson Song & Gruchow, Ltd. (**Leach Johnson**), Antrece Williams (**borrower**), and Saticoy Bay LLC Series 5841 Feral Garden (**Saticoy Bay**) are on information and belief not citizens of Ohio. The amount in controversy requirement is met.  U.S. Bank seeks a declaration that its deed of trust, with a face value of $176,901.00, was not extinguished by a homeowner's association non-judicial foreclosure sale that is the basis for Saticoy Bay's claim to title to the real property sub judice.

3.    Defendant HOA is, on information and belief, a Nevada non-profit corporation.  U.S. Bank is informed and believes and therefore alleges the HOA is the purported beneficiary under an alleged homeowners' association lien recorded February 11, 2013. U.S. Bank is informed and believes and therefore alleges HOA foreclosed on the lien on October 23, 2014.

4.    Defendant Saticoy Bay is, on information and belief, a Nevada limited liability company.  After a reasonable search, U.S. Bank cannot determine the citizenship of the members of Saticoy Bay.  U.S. Bank is informed and believes and therefore alleges Saticoy Bay purchased the property at the HOA  foreclosure sale, acquiring title via a foreclosure deed recorded November 18, 2014.

5.    Defendant Leach Johnson is, on information and belief, a Nevada limited liability company. After a reasonable search, U.S. Bank cannot determine the citizenship of the members of Leach Johnson.  U.S. Bank is informed and believes and therefore alleges Leach Johnson was the agent for the HOA with respect to the HOA foreclosure sale.

6.    Defendant borrower is, on information and belief, a Nevada citizen.  The borrower is the former record title holder of the subject property.

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

7.      Does I through X, inclusive (the **Doe Defendants**), are individuals who may be liable for damages with the named defendants on the allegations set forth in this complaint or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112.  U.S. Bank may seek leave to amend this complaint to reflect the true names and identities of the Doe Defendants when known.

8.      Roe Corporations I through X, inclusive (the **Roe Defendants**), are corporate entities that may be liable for damages with the named defendants on the allegations set forth in this complaint or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112.  U.S. Bank may seek leave of Court to amend this complaint to reflect the true names and identities of the Roe Defendants when known.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 for reasons stated above.

10.     Venue is proper in this Court under 28 U.S.C. § 1391.  The property that is the subject of this action is located at 5841 Feral Garden Street, North Las Vegas, Nevada 89031 (**the property**).  Venue is proper in this Court under 28 U.S.C. § 1391(1) and (2) because this action seeks to determine an interest in property located within Clark County, Nevada and because this lawsuit arises out of a foreclosure of real property located within Nevada.

11.     The pre-litigation dispute resolution process set forth in NRS 38.300 *et seq.* is not applicable to this action and cannot restrict the jurisdiction of this court.  To the extent any requirement of the statute is applicable to any portion of the claims asserted herein, that requirement has been constructively exhausted and further resort to administrative remedies would be futile because U.S. Bank submitted a demand for mediation to Nevada Real Estate Division (**NRED**) on or about September 16, 2016, but NRED has failed to schedule the mediation in the time period required by NRS 38.330(1).

...

...

...

**AKERMAN LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

## GENERAL ALLEGATIONS

12.     Under Nevada state law, homeowners' associations have the right to charge property owners residing within the community assessments to cover the homeowners' associations' expenses for maintaining or improving the community, among other things.

13.     When these assessments go unpaid, the association may impose a lien and then foreclose on a lien if the assessments remain unpaid.

14.     NRS Chapter 116 generally provides a non-judicial foreclosure scheme for a homeowners' association to conduct a non-judicial foreclosure where the unit owner fails to pay its monthly assessments.

15.     NRS 116.3116 makes a homeowners' association lien for assessments junior to a first deed of trust beneficiary's secured interest in the property, with one limited exception: a homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]" NRS 116.3116(2)(c).

### The Deed of Trust and Assignment

16.     On or about February 19, 2011, the borrower refinanced her purchase of the property. The borrower refinanced ownership of the property by way of a loan in the amount of $176,901.00, evidenced by a note and secured by a deed of trust (the **senior deed of trust**) recorded March 11, 2011.  A true and correct copy of the senior deed of trust is recorded with the Clark County Recorder as **Instrument No. 201103110001960**.

17.     The note and the senior deed of trust are insured by the Federal Housing Administration (**FHA**).  Pursuant to the FHA insurance, the lender was required to submit a monthly mortgage insurance payment to the FHA.  FHA monthly mortgage insurance premiums were paid by either the borrower or the lender beginning with the initiation of the loan.

18.     The senior deed of trust was assigned to U.S. Bank via a corporate assignment of deed of trust.  A true and correct copy of the assignment is recorded with the Clark County Recorder as **Instrument No. 20170105-0002517**.

The HOA Lien and Foreclosure

19.     Upon information and belief, the borrower failed to pay the HOA all amounts due to it.  On February 11, 2013, the HOA, through its agent Leach Johnson, recorded a notice of delinquent assessment lien.  Per the notice, the amount due to the HOA was $1,144.97, which includes assessments, late charges, interest, costs, and penalties.  A true and correct copy of the notice of lien is recorded with the Clark County Recorder as **Instrument No. 201302110001315**.

20.     On May 24, 2013, the HOA, through its agent Leach Johnson, recorded a notice of default and election to sell real property to satisfy notice of delinquent assessment lien.  The notice states the amount due to the HOA was $2,379.08, but does not specify whether it includes dues, interest, fees and collection costs in addition to assessments.  A true and correct copy of the notice of default is recorded with the Clark County Recorder as **Instrument No. 201305240004989**.  The notice of default also does not specify the super-priority amount claimed by the HOA and fails to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1).

21.     On November 7, 2013, the HOA, through its agent Leach Johnson, recorded a notice of foreclosure sale.  The trustee's sale was scheduled for February 27, 2014.  The notice states the amount due to the HOA was $4,160.11, which includes "the total amount of unpaid balance and reasonably estimated costs, expenses and advances at the time of initial publication of this notice, plus any subsequent Association Dues, fees charges [*sic*], expenses, and advances, if any, of the Homeowners Association and its Agent. . . ." A true and correct copy of the notice of sale is recorded with the Clark County Recorder as **Instrument No. 201311070002858**.

22.     In none of the recorded documents nor in any notice did the HOA and/or its agent provide notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount, or the consequences for failure to do so.

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN LLP

1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

23.    In none of the recorded documents did the HOA and/or its agent identify the amount of the alleged lien that was for late fees, interest, fines/violations or collection fees/costs.

24.    In none of the recorded documents nor in any notice did the HOA and/or its agent specify whether it was foreclosing on the super-priority portion of its lien, if any, or on the sub-priority portion of its lien.

25.    In none of the recorded documents nor in any notice did the HOA and/or its agent specify the senior deed of trust would be extinguished by the HOA's foreclosure.

26.    In none of the recorded documents nor in any notice did the HOA and/or its agent identify any way by which the beneficiary under the senior deed of trust could satisfy the super-priority portion of the HOA's claimed lien.

27.    The deficiencies in the notices notwithstanding, on or about June 26, 2013, after the HOA recorded its notice of default, MERS as nominee for Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP (**BANA**) offered to remit payment to the HOA, through its agent Leach Johnson to satisfy the super-priority amount owed to the HOA.

28.    The HOA refused to provide any information to BANA or its counsel regarding the HOA's lien.

29.    But for the HOA and Leach Johnson's actions, BANA would have physically delivered a check for nine months of assessments to the HOA prior to the HOA foreclosure sale.

30.    Despite the offer to tender, the HOA foreclosed on the property on or about October 23, 2014.  A foreclosure deed in favor of Saticoy Bay was recorded November 18, 2014.  A true and correct copy of the foreclosure deed is recorded with the Clark County Recorder as **Instrument No. 20141118-0001742**.

31.    Upon information and belief, the sale price at the sale was $83,100.00.  The HOA's sale of the property to Saticoy Bay for less than 47% of the face value of the senior deed of trust, and, on information and belief, for a similarly diminutive percentage of the property's fair market value, is commercially unreasonable and not in good faith as required by NRS 116.1113.

...

**FIRST CAUSE OF ACTION**

**(Quiet Title/Declaratory Judgment against All Defendants)**

32.     U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

33.     Pursuant to 28 U.S.C. § 2201 and NRS 30.040 *et seq.*, this Court is empowered to declare the rights of parties and other legal relations of parties regarding the property.

34.     An actual controversy has arisen between U.S. Bank and defendants regarding the property.  The senior deed of trust is a first secured interest on the property.  As a result of the HOA foreclosure sale, Saticoy Bay claims an interest in the property, and on information and belief, asserts Saticoy Bay owns the property free and clear of the senior deed of trust.

35.     U.S. Bank's interest in the senior deed of trust encumbering the property constitutes an interest in real property.

36.     U.S. Bank is entitled to a declaration that the HOA's foreclosure did not extinguish the senior deed of trust, or, alternatively, the HOA's foreclosure is void.

*NRS Chapter 116 Violates U.S. Bank's Right to Procedural Due Process*

37.     U.S. Bank asserts that Chapter 116 of the Nevada Revised Statutes' scheme of HOA super priority non-judicial foreclosure violates U.S. Bank's procedural due process rights under the state and federal constitutions.

38.     The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution protect U.S. Bank from being deprived of its deed of trust in violation of procedural due process guarantees of notice and an opportunity to be heard.

39.     U.S. Bank asserts that there is no way to apply Nevada's scheme of non-judicial HOA super priority foreclosure that complies with Nevada and the United States' respective guarantees of procedural due process.

...

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

40.     The Nevada Constitution does not expressly set forth a state action requirement.  Even if it did, and consistent with the state action requirements of the Federal Constitution, the state of Nevada has become sufficiently intertwined with HOA foreclosure such that state and federal procedural due process protections for U.S. Bank's deed of trust apply, to wit:

a)      The super priority lien did not exist at common law, but rather is imposed by statute.

b)      In order to conserve governmental resources and fund the quasi-governmental HOA, Nevada's legislature made super priority mandatory, expanded the super-priority duration from six to nine months, and declared it could not contractually subordinate its lien by  provisions within a HOA's covenants, conditions, and restrictions..

c)      The super priority lien has no nexus whatsoever to a private agreement between the HOA and U.S. Bank, but, again, is imposed by legislative enactment.

d)      Nevada and Clark County mandated the creation of the HOA as a quasi-governmental entity to perform governmental functions including maintaining the common open spaces and private streets within the HOA community.

41.     Since the state of Nevada is responsible for the creation of the super priority lien and has made it mandatory, then the state of Nevada's HOA super priority foreclosure scheme is the result of state action subject to procedural due process safeguards.

...

...

...

...

...

...

...

...

...

AKERMAN LLP

1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

42.     On its face, Nevada's scheme of non-judicial HOA super priority foreclosure lacks any pre-deprivation notice requirements or post deprivation redemption options that are necessary components of due process:

a)      NRS 116.31162 and NRS 116.311635 do not require that an HOA provide U.S. Bank with written notice of the sum that constitutes the super priority portion of the assessment lien.

b)      Chapter 116 of NRS seeks to insulate its scheme of super priority non-judicial foreclosure by failing to provide any post-sale right of equity or redemption.

c)      Chapter 116 of NRS fails to provide U.S. Bank with a statutorily enforceable mechanism to compel an HOA to inform U.S. ZBank of the sum of the HOA super priority amount.

d)      As applied, the HOA non-judicial foreclosure violated state and federal procedural due process protections for U.S. Bank's deed of trust since U.S. Bank or BANA was not provided with any notice offer to pay 9 months of assessments did not redeem the deed of trust's priority prior to the HOA foreclosure.

43.     U.S. Bank requests that this Court void the HOA foreclosure sale or declare that Saticoy Bay's title was acquired subject to the senior deed of trust because NRS 116's scheme of HOA super priority foreclosure violates the procedural process clauses of the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution.

### The Supremacy Clause Bars Extinguishment of the Senior Deed of Trust

44.     The foreclosure sale did not extinguish the senior deed of trust because the extinguishment of the senior deed of trust is barred by the Supremacy Clause of the United States Constitution. Alternatively, the foreclosure sale is void.

45.     The senior deed of trust is insured pursuant to Single Family Mortgage Insurance Program.

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

46.     The federal rules, regulations, and letters that implement, govern, and interpret this FHA insurance program are found at 24 C.F.R. Part 203, the various HUD Mortgagee Letters, and HUD's Handbook, as amended from time to time.

47.     In order to incentivize private lenders to participate in the Single Family Mortgage Insurance Program, participation in the program is risk free to lenders as exemplified by the following:

> a)      Lenders cannot lose their insurance interest by failing to adhere to HUD's servicing regulations;

> b)      Lenders are also not required to expend funds to service the mortgage that HUD has not agreed to reimburse;

> c)      HUD through its program of reimbursements to participating lenders also regulates what amounts to be paid to homeowner's associations, when these amounts should be paid, and by what means they should be paid; and

> d)      Lenders are permitted to convey title to HUD, even where the property's title is subject to a homeowner's association lien, where the HOA is uncooperative and non-responsive concerning the amount of payment it is demanding to release its lien.

48.     HUD's regulations are necessary to ensure that the Single Family Mortgage Insurance Program is both risk-free to participating lenders and that the Mutual Mortgage Insurance Fund is sustainable.

49.     Chapter 116 of the Nevada Revised Statutes' scheme of non-judicial foreclosure that allows for the foreclosure of a super priority lien stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress under the National Housing Act's Single Family Mortgage Insurance Program and Mutual Mortgage Insurance Fund.

50.     NRS Chapter 116 must yield to the federally insured senior deed of trust under the Supremacy Clause.

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

*Additional Reasons the HOA Foreclosure Sale Did Not Extinguish the Senior Deed of Trust*

51.     The HOA sale is void or did not extinguish the senior deed of trust for additional reasons stated below.

52.     The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to describe the lien in sufficient detail as required by Nevada law, including, without limitation: whether the deficiency included a "super-priority" component, the amount of the super-priority component, how the super-priority component was calculated, when payment on the super-priority component was required, where payment was to be made or the consequences for failure to pay the super-priority component. Alternatively, the foreclosure sale is void.

53.     The foreclosure sale did not extinguish the senior deed of trust because BANA offered to physically deliver a check for nine months of assessments and therefore satisfied the super-priority amount of the HOA's lien prior to the foreclosure sale. Alternatively, the foreclosure sale is void.

54.     The foreclosure sale did not extinguish the senior deed of trust because the sale was commercially unreasonable or otherwise failed to comply with the good faith requirement of NRS 116.1113 in several respects, including, without limitation, the lack of sufficient notice, the HOA's wrongful rejection of the tender, the sale of the property for a fraction of the loan balance or actual market value of the property, a foreclosure that was not calculated to promote an equitable sales prices for the property or to attract proper perspective purchasers, and a foreclosure sale that was designed and/or intended to result in maximum profit for the HOA, its agent, and Saticoy Bay at the sale without regard to the rights and interest of those who have an interest in the loan and made the purchase of the property possible in the first place. Alternatively, the foreclosure sale is void.

...

...

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

55.     The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate U.S. Bank's rights to due process, as a result of the HOA's failure to provide sufficient notice of the super-priority component of the HOA's lien, the manner and method to satisfy it, and the consequences for failing to do so.  Alternatively, the foreclosure sale is void.

56.     The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate U.S. Bank's rights to due process, as a result of the HOA's improper calculation of the super-priority component, its inclusion of charges that are not part of the super-priority lien under Nevada law, and its rejection of BANA's tender of the super-priority component of the lien. Alternatively, the foreclosure sale is void.

57.     The foreclosure sale did not extinguish the senior deed of trust because Saticoy Bay does not qualify as a bona fide purchaser for value, because it was aware of, or should have been aware of, the existence of the senior deed of trust, BANA's satisfaction of the super-priority component of HOA's lien, and the commercial unreasonableness of the HOA sale. Alternatively, the foreclosure sale is void.

58.      U.S. Bank is entitled to a declaration, pursuant to 28 U.S.C. § 2201, NRS 30.040, and NRS 40.010, that the HOA sale did not extinguish the senior deed of trust.

59.     U.S. Bank was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Breach of NRS 116.1113 against the HOA and Leach Johnson)

60.     U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

61.     NRS 116.1113 and common law provide that every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement.

...

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

62.     The HOA undertook a duty to identify the super-priority amount to lenders and loan servicers like BANA and U.S. Bank, to notify them that their security interest was at risk, and to provide an opportunity to satisfy the super-priority amount to protect their security interest in the property.

63.     The HOA and its agent Leach Johnson breached their duty of good faith by not identifying the super-priority amount of its lien for BANA, by not notifying BANA that its security interest was at risk, by rejecting BANA's attempt to tender the super-priority amount, and by obstructing BANA's ability to protect its security interest in the property.

64.     If it is determined the HOA's sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, the HOA and Leach Johnson's breach of its obligation of good faith will cause U.S. Bank to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA sale, whichever is greater.

65.     U.S. Bank was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

**(Wrongful Foreclosure against the HOA and Leach Johnson)**

66.     U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

67.     To the extent defendants contend or the Court concludes the HOA's foreclosure sale extinguished the senior deed of trust, the foreclosure was wrongful.

68.     Because the HOA and Leach Johnson failed to give adequate notice and an opportunity to cure the deficiency, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

...

...

...

69.     Because BANA satisfied the super-priority portion of the HOA's lien prior to the foreclosure sale there was no default in the super-priority component of the HOA's lien at the time of the foreclosure sale, and the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

70.     Because the HOA and Leach Johnson sold the property for a grossly inadequate amount, compared to the value of the property and amount of outstanding liens defendants contend were extinguished by the foreclosure sale, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

71.     Because the HOA and Leach Johnson violated the good faith requirements of NRS 116.1113, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

72.     If it is determined the HOA's foreclosure sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, the HOA and Leach Johnson's actions will cause U.S. Bank to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the sale, whichever is greater.

73.     U.S. Bank was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### (Injunctive Relief against Saticoy Bay)

74.     U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

75.     U.S. Bank disputes Saticoy Bay's claim it owns the property free and clear of the senior deed of trust.

...

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN LLP

1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

76.     Any sale or transfer of the property by Saticoy Bay, prior to a judicial determination concerning the respective rights and interests of the parties to this case, may be rendered invalid if the senior deed of trust still encumbers the property in first position and was not extinguished by the HOA sale.

77.     U.S. Bank has a substantial likelihood of success on the merits of the complaint, and damages would not adequately compensate for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the property.

78.     U.S. Bank has no adequate remedy at law due to the uniqueness of the property involved in this case and the risk of the loss of the senior security interest.

79.     U.S. Bank is entitled to a preliminary injunction prohibiting Saticoy Bay, or its successors, assigns, or agents, from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust.

80.     U.S. Bank is entitled to a preliminary injunction requiring Saticoy Bay to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

### FIFTH CAUSE OF ACTION

### (Deceptive Trade Practices against the HOA and Leach Johnson)

81.     U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

82.     The HOA and Leach Johnson, in the course of their business, falsely represented the amount of the super-priority portion of its lien in the notice of default and the notice of sale.

83.     The HOA and Leach Johnson, in the course of their business, falsely asserted the information contained in the recitals in the trustee's deed upon sale.

84.     The recording of the notice of default, the notice of sale, and the trustee's deed upon sale constituted a violation under NRS 598.0915(15).

85.     The recording of the notice of default, the notice of sale, and the trustee's deed upon sale constituted a violation under NRS 598.092(8).

...

86.     The recording of the notice of default, the notice of sale, and the foreclosure deed constituted a violation under NRS 598.0923(2)-(3).

87.     As a result of the actions of the HOA and Leach Johnson, U.. Bank was damaged in an amount exceeding $10,000.00.

88.     U.S. Bank was required to retain an attorney to prosecute this action, and is therefore entitled to collect it reasonable attorneys' fees and costs.

### SIXTH CAUSE OF ACTION

**(Judicial Foreclosure against the Borrower)**

89.     U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

90.     The borrower has not paid the loan in accordance with the terms of the note and senior deed of trust.

91.     U.S. Bank has accelerated the loan balance in accordance with the terms of the note and senior deed of trust.

92.     U.S. Bank is entitled to enforce the note and senior deed of trust.

93.     The unpaid balance on the loan, exclusive of attorneys' fees and costs, is $229,162.93 as of February 28, 2017.

94.     The senior deed of trust provides that in the event the lender brings suit to recover on the note or foreclose on the senior deed of trust, the borrower shall pay a reasonable sum for attorneys' fees and costs.

95.     The senior deed of trust further provides in the event the lender advances any sums for payment of taxes, insurance or other assessments on the property, the borrower shall pay all such sums together with interest at the same rate of interest as provided in the note.

96.     U.S. Bank's senior deed of trust is paramount to the borrower's interest in the property.

97.     U.S. Bank is entitled to an order directing a foreclosure sale of the property based upon the borrower's default.

98.     Upon information and belief, the borrower does not occupy the property, and thus this action is exempted from the requirements of the Nevada Foreclosure Mediation Program.

99.     If the proceeds of sale do not satisfy U.S. Bank's judgment in full, U.S. Bank may amend its claim to seek a deficiency judgment against the borrower under NRS 40.455.

100.    U.S. Bank has been required to retain an attorney to prosecute this claim and is entitled to recovery of its attorneys' fees and costs under the senior deed of trust.

## SEVENTH CAUSE OF ACTION

### (Alternative Claim for Breach of Contract against the Borrower)

101.    U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

102.    The borrower and U.S. Bank's predecessor in interest entered into a valid and existing contract—namely, a promissory note.  To the extent the HOA's foreclosure sale is valid, U.S. Bank is entitled to recover the amounts remaining due on the note from the borrower.

103.    The borrower breached the promissory note by failing to make the required monthly payments.

104.    U.S. Bank has accelerated the loan balance in accordance with the terms of the note and senior deed of trust.

105.    The unpaid balance on the loan, exclusive of attorneys' fees and costs, is $229,162.93 as of February 28, 2017.

106.    The senior deed of trust provides in the event suit is brought to recover on the note or foreclose the senior deed of trust, the borrower shall pay a reasonable sum for attorneys' fees and costs.

107.    U.S. Bank has been required to retain an attorney to prosecute this claim and is entitled to recovery of its attorneys' fees and costs under the senior deed of trust.

...

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

## **PRAYER FOR RELIEF**

U.S. Bank requests the Court grant the following relief:

1.  An order declaring that Saticoy Bay purchased the property subject to U.S. Bank's senior deed of trust;

2.  In the alternative, an order that the HOA foreclosure sale, and any resulting foreclosure deed, was void ab initio;

3.  In the alternative, an order requiring the HOA and Leach Johnson to pay U.S. Bank all amounts by which it was damaged as a result of the HOA and its agent Leach Johnson's wrongful foreclosure and/or violation of the good faith provisions of NRS 116.1113;

4.  A preliminary injunction prohibiting Saticoy Bay, its successors, assigns, or agents from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust;

5.  A preliminary injunction requiring Saticoy Bay to pay all taxes, insurance, and homeowner's association dues during the pendency of this action;

6.  For punitive damages in an amount greater than $10,000.00;

7.  That the Court enter an order directing a foreclosure sale of the property based upon the borrower's default pursuant to U.S. Bank's claim for judicial foreclosure or, alternatively, enter a monetary judgment in favor of U.S. Bank and against the borrower for breach of contract for an amount in excess of $10,000.00;

8.  Reasonable attorneys' fees as special damages and the costs of suit; and

...

...

...

...

...

...

...

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

9.      For such other and further relief the Court deems proper.

DATED January 11, 2017.

AKERMAN LLP

/s/  Natalie L. Winslow, Esq.

DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Plaintiff  U.S. Bank National Association,
as Trustee for Bayview Opportunity Master Fund IIIA
Remic           Trust           2016-RN3*