# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LINEAR MORTGAGE, LLC,

    Plaintiff

v.

ANTRECE WILLIAMS, et al.,

    Defendants

Case No.: 2:17-cv-00109-APG-GWF

**<u>Amended</u>[1] Order (1) Granting Defendant Leach Johnson Song & Gruchow, Ltd.'s Motion to Dismiss, (2) Granting in Part Defendant Sierra Ranch Homeowners Association's Motion to Dismiss, and (3) Denying Motion for Sanctions**

[ECF Nos. 51, 52, 53]

This is a dispute over property located at 5841 Feral Garden Street, North Las Vegas, Nevada. Plaintiff Linear Mortgage, LLC (Linear) holds a deed of trust that encumbered the property. Defendant Sierra Ranch Homeowners Association (Sierra) foreclosed on the property after the former owner did not pay homeowners association (HOA) assessments. Defendant Saticoy Bay LLC Series 5841 Feral Garden (Saticoy) purchased the property at the HOA foreclosure sale. The parties dispute whether the HOA foreclosure sale extinguished the deed of trust and, if so, whether Sierra and its foreclosure agent, defendant Leach Johnson Song & Gruchow, Ltd. (Leach), owe damages to Linear.

In count one of its complaint, Linear seeks to determine adverse interests in the property, contending that the HOA foreclosure sale did not extinguish its deed of trust. Linear also asserts against Sierra and Leach claims for breach of Nevada Revised Statutes § 116.1113, wrongful foreclosure, and deceptive trade practices. Sierra and Leach move to dismiss. Leach separately

---

[1] This amended order corrects the statute of limitations for a claim under the Nevada Deceptive Trade Practices Act in footnote 2 (footnote 1 of the original order). No other changes are made, and this does not affect the result on any issue.

moves for sanctions under Federal Rule of Civil Procedure 11 and for attorney's fees under Nevada Revised Statutes § 18.010.

The parties are familiar with the facts, and I will not repeat them here except where necessary to resolve the motions. I grant Leach's motion to dismiss and I grant in part Sierra's motion to dismiss, with leave for Linear to amend. I deny Leach's motion for sanctions.

**I. MOTIONS TO DISMISS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

**A. Timeliness**

Leach and Sierra argue Linear's claims are untimely. They contend that claims challenging a non-judicial foreclosure sale should have been brought within 45 or 60 days of the sale under Nevada Revised Statutes §§ 107.080(5)-(6). Linear responds that its declaratory relief claim is timely because no statute of limitations applies to such a claim, it is a defense to a future wrongful foreclosure claim by Saticoy, or it is subject to a ten-year limitation period in Nevada Revised Statutes § 106.240. Linear argues its damages claims are timely because they have not yet accrued, as Linear has not yet suffered damages. Alternatively, Linear argues these claims

/ / / /

are timely because it brought suit within three years of the HOA foreclosure sale. Finally, Linear argues that to the extent a limitation period has run, it should be equitably tolled.

Leach and Sierra provide no authority for the proposition that the timeliness of a challenge to an HOA foreclosure sale under Chapter 116 is governed by the time limits in § 107.080. That section refers to foreclosures of deeds of trust, not HOA liens. Nev. Rev. Stat. § 107.080(1). All of the claims in Linear's complaint are timely because Linear filed suit within three years of the HOA foreclosure sale.[2] I therefore deny Leach and Sierra's motions to dismiss on the basis of untimeliness.

### B. Determine Adverse Interests in Property

Count one of Linear's complaint seeks to determine whether the HOA sale extinguished the deed of trust. This is a claim to determine adverse interests in property under Nevada Revised Statutes § 40.010. That statute provides that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim."

Leach and Sierra contend this claim should be dismissed against them because they do not claim an interest in the property. Sierra also argues this claim fails in terms of its due process allegations.

---

[2] *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018) (four years for a lienholder seeking to determine if lien was extinguished); *Bank of New York Mellon v. Tierra De Las Palmas Owners Ass'n*, No. 2:17-cv-02112-JAD-CWH, 2018 WL 2292525, at *3 (D. Nev. May 18, 2018) (three years for breach of § 116.1113 (citing Nev. Rev. Stat. § 11.190(3)(a))); *Bank of New York for Certificateholders of CWALT, Inc. v. S. Highlands Cmty. Ass'n*, 329 F. Supp. 3d 1208, 1219 (D. Nev. 2018) (three years for statutory wrongful foreclosure and four years for tortious wrongful foreclosure); Nev. Rev. Stat. § 11.190(2)(d) (four years for deceptive trade practices).

Linear responds that Leach and Sierra are proper parties to this claim because if the HOA sale is unwound, Sierra's superpriority lien will be reinstated on the property and Leach will have to refund money it collected from the sale. Linear contends that if Leach and Sierra are not parties, then additional litigation would be necessary to settle the parties' respective rights. It also argues Nevada Revised Statutes § 116.3116 (as it existed at the time of this sale) violated the lienholder's due process rights because it was an unconstitutional opt-in scheme under the reasoning in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016). Alternatively, Linear argues its predecessor's due process rights were violated as applied because it attempted to determine and pay the superpriority amount but was rebuffed.

### *1. Proper Parties*

The complaint seeks, among other things, a declaration that the HOA foreclosure sale was void. ECF No. 1 at 18. If the HOA foreclosure sale is invalidated, Sierra's superpriority lien might be reinstated as an encumbrance against the property. Further, the existence and priority of that lien might still be in doubt because Linear alleges its predecessor tendered payment of that lien. "The disposition of this action in the HOA's absence may impair or impede its ability to protect its interests." *U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015). Additionally, if Linear "succeeds in invalidating the sale without the HOA being a party to this suit, separate litigation to further settle the priority of the parties' respective liens and rights may be necessary." *Id.* Thus, if Sierra is dismissed, Linear would not be able to secure the complete relief it seeks. *See id.*; Fed. R. Civ. P. 19(a). Accordingly, Sierra is a proper party to Linear's quiet title claim, and its motion to dismiss on this basis is denied.

/ / / /

However, Leach does not assert an interest in the property and there are no plausible allegations that it could or would even if the sale is set aside. There is no allegation that Leach had a lien on the property. Additionally, although Linear contends Leach may have to return funds if the sale is unwound, Leach would not have to return funds to Linear, because Linear did not pay for the property at the HOA foreclosure sale. Linear has no standing to invoke another party's rights to require Leach to disgorge funds if the sale is unwound. I therefore grant the motion to dismiss Leach as to this claim.

### *2. Due Process*

Linear alleges that the HOA sale was conducted pursuant to an unconstitutional statute and violated Linear's predecessor's due process rights because (1) the notices did not identify the superpriority amount, how to satisfy the superpriority lien, or the consequences for failing to satisfy it; (2) the statute provides no post-sale right of equity or redemption; (3) the statute has no mechanism to compel the HOA to identify the superpriority amount; (4) Sierra (through Leach) improperly included collection costs in its calculation of the superpriority lien and it rejected tender; and (5) Linear was not provided with notice that its offer to pay did not redeem the superpriority lien, so its due process rights were denied "as applied." ECF No. 1 at 9, 12.

Sierra's motion addresses only whether *Bourne Valley* remains viable. ECF No. 53 at 5-6. To the extent Linear's due process allegations are based on *Bourne Valley*, that case is no longer good law. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623-24 (9th Cir. 2019) (citing *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc)). I therefore grant Sierra's motion to that extent. However, Sierra's motion did not address Linear's other allegations regarding due process violations, so I do not dismiss them.

5

### C. Breach of § 116.1113

Count two of the complaint alleges that Sierra and Leach breached their duty of good faith under § 116.1113 by not identifying the superpriority amount, not notifying Linear's predecessor that its deed of trust was at risk, and obstructing Linear's predecessor's attempts to determine and pay off the superpriority amount. Leach and Sierra argue that this claim fails because there is no contract between Leach and Linear (or Linear's predecessor) and nothing in Chapter 116 imposes a duty on Leach or Sierra with respect to a lienholder in the context of a non-judicial foreclosure sale of the HOA's lien. Linear responds that it has properly alleged a claim under § 116.1113 because it alleges that Sierra sold the property for an inadequate price and wrongfully rejected the tender.

Section 116.1113 provides that "[e]very contract or duty governed by [Chapter 116] imposes an obligation of good faith in its performance or enforcement." I grant the motions to dismiss this claim because Linear does not identify what contract or duty governed by Chapter 116 imposed a good faith obligation on Sierra or Leach to identify the superpriority amount, advise the deed of trust holder that its lien was at risk, or respond to requests for the superpriority amount.[3] The defendants thus are not on fair notice of the basis of Linear's claim. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011) (stating "the complaint must provide the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests" (quotation omitted)); Fed. R. Civ. P. 8(a)(2). However, I grant Linear leave to amend this claim because it is not clear that amendment would be futile. *Sonoma Cty. Ass'n of Retired Employees*

---

[3] Linear argues in its opposition that Sierra and Leach breached § 116.1113 by selling the property for an inadequate price. The Supreme Court of Nevada has rejected the notion that an HOA has a duty to obtain the highest price it could when conducting an HOA foreclosure sale. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 644-45 (Nev. 2017).

6

*v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, [d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." (quotation omitted)).

**D. Wrongful Foreclosure**

Count three of the complaint alleges that if the HOA foreclosure extinguished the deed of trust, the foreclosure was wrongful because (1) Linear's predecessor satisfied the superpriority portion of the lien and (2) the sale was for an inadequate price combined with unfairness related to the improperly rejected tender and alleged breaches of § 116.1113.

Leach and Sierra argue Linear lacks standing to assert this claim because it is not a mortgagor or trustor. They also contend Linear failed to allege there was no default at the time of the HOA sale. Finally, Sierra contends that the foreclosure notices it sent out complied with the law and that Linear has not identified what statute Sierra violated.

Linear responds that it has standing to assert a wrongful foreclosure claim because its lien interest was potentially extinguished by the foreclosure sale. Linear also argues it has adequately alleged that its predecessor satisfied the superpriority lien, so there was no default as to the superpriority portion of the HOA's lien, and thus a foreclosure that purports to extinguish its deed of trust would be wrongful.

*1. Standing*

While a wrongful foreclosure claim usually will be brought by the trustor or mortgagor, Leach and Sierra cite no authority for the proposition that only a trustor or mortgagor has standing to assert a wrongful foreclosure claim. Because a junior lienholder like Linear has an interest in preventing a wrongful foreclosure that would extinguish its security interest, it has

/ / / /

standing to assert a wrongful foreclosure claim. *Bank of Am., N.A. v. Operture, Inc.*, No. 2:16-cv-01692-APG-GWF, 2018 WL 3242679, at *2-3 (D. Nev. July 2, 2018).

### *2. Default*

A wrongful foreclosure claim requires showing "that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Linear thus must allege that the superpriority amount was not in default. *See Operture, Inc.*, 2018 WL 3242679, at *2-3.

Linear alleges that its predecessor attempted to pay the superpriority amount. However, "a promise to make a payment at a later date or once a certain condition has been satisfied cannot constitute a valid tender." *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217, 1219 (Nev. 2019). Linear thus has not plausibly alleged the superpriority lien was not in default. However, I grant Linear leave to amend to allege facts that would excuse actual tender if such facts exist. *See id.* at 1220.

## D. Deceptive Trade Practices

Count five of the complaint alleges that Sierra and Leach "falsely represented the amount of the super-priority portion of [the HOA] lien in the notice of default and the notice of sale;" "falsely asserted the information contained in the recitals in the trustee's deed upon sale;" and that recording the notice of default, notice of sale, and trustee's deed upon sale violated Nevada Revised Statutes §§ 598.0915(15), 598.092(8), and 598.0923(2)-(3).

Leach and Sierra argue this claim fails because Linear is not a consumer within the meaning of the Nevada Deceptive Trade Practices Act (NDTPA), as it is a sophisticated lending

institution and it has not consumed or purchased any goods or services from Leach or Sierra. They also argue that real estate transactions such as non-judicial foreclosure sales do not constitute consumer goods or services. Finally, they contend that this claim sounds in fraud but is not pleaded with particularity under Federal Rule of Civil Procedure 9(b).

Linear responds that its claim is based on the sale of goods and services to the original borrower or lender because the HOA provides services to homeowners and lenders by enforcing the Covenants, Conditions, and Restrictions (CC&Rs) and maintaining the neighborhood, in exchange for which the homeowners pay HOA assessments and lenders make loans to homebuyers in the community. Linear contends that in providing these services to the lenders, Sierra and Leach falsely misrepresented what the superpriority lien was and obstructed tender of the superpriority amount. Linear contends it has adequately alleged that Leach falsely represented or omitted the superpriority amount in its notices, falsely asserted that the superpriority lien did not exist, and falsely contended that the superpriority lien contained collect fees and costs.

*1. Consumer Fraud*

Nevada Revised Statutes § 41.600 creates a cause of action for a victim of "consumer fraud," which includes deceptive trade practices identified in § 598.0915 to § 598.0925. Linear's complaint relies on two statutory sections that apply to deceptive practices related to the sale or lease of goods or services. Nev. Rev. Stat. § 598.0923(2) (making it a deceptive practice to "knowingly . . . [f]ail[] to disclose a material fact in connection with the sale or lease of goods or services"); *id.* § 598.0923(3) (making it a deceptive practice to "knowingly . . . "[v]iolate[] a state or federal statute or regulation relating to the sale or lease of goods or services"). Because an HOA foreclosure sale is the sale of real estate, not goods or services, these sections have no

9

application in this context. *See Bank of New York Mellon v. Log Cabin Manor Homeowners Ass'n*, 362 F. Supp. 3d 930, 939 (D. Nev. 2019); *The Bank of New York Mellon fka The Bank of New York v. Cape Jasmine CT Tr.*, No. 2:16-CV-0248-JAD-GWF, 2016 WL 3511253, at *4-5 (D. Nev. June 27, 2016). I therefore dismiss these allegations with prejudice.

However, other sections of Chapter 598 are not necessarily limited to transactions relating to the sale or lease of goods or services. *See Abernathy v. Cont'l Serv. Grp., Inc.*, No. 2:17-cv-00636-APG-NJK, 2018 WL 3370524, at *5 (D. Nev. July 9, 2018) (citing *Cape Jasmine CT Tr.*, 2016 WL 3511253, at *4-5). As relevant here, § 598.092(8) makes it a deceptive trade practice to "[k]nowingly misrepresent[] the legal rights, obligations or remedies of a party to a transaction." And § 598.0915(15) makes it a deceptive trade practice to "[k]nowingly make[] any other false representation in a transaction." Because these two sections refer to a "transaction," rather than the sale or lease of goods or services, Sierra and Leach have not established that these sections could not apply to a real estate transaction like an HOA foreclosure sale.

Sierra and Leach contend, however, that Linear (or its predecessor) is not a "consumer" who can assert a claim under § 41.600 because it is a sophisticated lender and it is not a party to a transaction with Sierra or Leach. Linear does not specifically respond to these arguments, instead arguing its general theory that the HOA provides services to homeowners and lenders by enforcing the CC&Rs and in exchange the homeowners pay HOA assessments.

Section 41.600's plain language does not limit consumer fraud claims to unsophisticated plaintiffs or to a party to the transaction in which the deceptive trade practice occurs. Rather, § 41.600 permits "any person who is a victim of consumer fraud" to bring suit. Additionally, it
////

defines consumer fraud by reference to deceptive practices set forth in other statutory sections. It is not apparent that each of those statutory sections requires the plaintiff to have been a party to the transaction in which the false representation was made to be a victim of the fraud. I therefore deny Sierra and Leach's motions on this basis.

### 2. *Pleading With Particularity*

Because this claim sounds in fraud, Linear must plead its claim with particularity under Federal Rule of Civil Procedure 9(b). "Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quotation omitted). Additionally, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (quotation omitted). In sum, the plaintiff "must provide enough detail to give [the defendants] notice of the particular misconduct which is alleged to constitute the fraud charged so that [they] can defend against the charge and not just deny that [they have] done anything wrong." *Id.* at 999 (quotation omitted).

The complaint identifies the who as Sierra and Leach. It identifies the when and where as the notice of default, notice of sale, and trustee's deed upon sale. However, the complaint fails to plead falsity with particularity. To the extent Linear is alleging the notices failed to identify the superpriority amount, Linear has not plausibly alleged that Sierra and Leach either made an affirmative false statement or omitted a material fact they were bound to disclose. *See Bank of Am., N.A. v. Saticoy Bay LLC Series*, No. 17-CV-02808-APG-CWH, 2018 WL 3312969, at \*3 (D. Nev. July 5, 2018); *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc). And the complaint does not identify what was false about the recitals in the

////

11

deed of trust or why the recitals were false. I therefore grant the motions to dismiss this claim, with leave to amend.

## II. MOTION FOR SANCTIONS

Leach moves for sanctions under Federal Rule of Civil Procedure 11 and Nevada Revised Statutes § 18.010, contending that Linear brought claims against it to harass it despite knowing that other courts have dismissed similar claims in other cases. I deny Leach's motion for sanctions under Rule 11 because Leach has not shown it complied with Rule 11(c)(2)'s safe harbor provisions. *See* Fed. R. Civ. P. 11(c)(2). Compliance with the safe harbor provisions is mandatory. *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788-89 (9th Cir. 2001). I also deny Leach's motion under § 18.010 because it requires Leach to be a prevailing party. "A party to an action cannot be considered a prevailing party within the contemplation of NRS 18.010, where the action has not proceeded to judgment." *N. Nevada Homes, LLC v. GL Constr., Inc.*, 422 P.3d 1234, 1237 (Nev. 2018) (quotation omitted). I have granted Linear leave to amend and no final judgment has been entered, so Leach is not a prevailing party.

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Leach Johnson Song & Gruchow, Ltd.'s motion to dismiss **(ECF No. 51) is GRANTED**.

IT IS FURTHER ORDERED that defendant Sierra Ranch Homeowners Association's motion to dismiss **(ECF No. 53) is GRANTED in part**.

IT IS FURTHER ORDERED that plaintiff Linear Mortgage, LLC shall file an amended complaint on or before June 21, 2019.

/ / / /

/ / / /

IT IS FURTHER ORDERED defendant Leach Johnson Song & Gruchow, Ltd.'s motion for sanctions **(ECF No. 52) is DENIED**.

DATED this 6th day of June, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE