ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
Telephone:  (702) 634-5000
Facsimile:   (702) 380-8572
Email:  ariel.stern@akerman.com
Email:  natalie.winslow@akerman.com

*Attorneys for Linear Mortgage, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LINEAR MORTGAGE, LLC,<br><br>               Plaintiff,<br><br>vs.<br><br>ANTRECE WILLIAMS; SIERRA RANCH HOMEOWNERS ASSOCIATION; SATICOY BAY LLC SERIES 5841 FERAL GARDEN; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>               Defendants. | Case No. 2:17-cv-00109-APG-GWF<br><br>**FIRST AMENDED COMPLAINT** |

Linear Mortgage, LLC files its first amended complaint pursuant to the court's amended order: (1) granting Leach Johnson Song & Gruchow, Ltd.'s motion to dismiss, (2) granting in part Sierra Ranch Homeowners Association's (**HOA**) motion to dismiss, and (3) denying motion for sanctions, ECF No. 73.

**PARTIES AND JURISDICTION**

1.      Linear seeks a declaration that its deed of trust, with a face value of $176,901.00, was not extinguished by a homeowner's association non-judicial foreclosure sale that is the basis for Saticoy Bay LLC Series 5841 Feral Garden's claim to title to the real property sub judice.

. . .

. . .

49191888;1

1

2.      Defendant HOA is, on information and belief, a Nevada non-profit corporation. Linear is informed and believes and therefore alleges the HOA is the purported beneficiary under an alleged homeowners' association lien recorded February 11, 2013. Linear is informed and believes and therefore alleges HOA foreclosed on the lien on October 23, 2014.

3.      Defendant Saticoy Bay is, on information and belief, a Nevada limited liability company.  Upon information and belief, the members of Saticoy Bay are Nevada citizens.  Linear is informed and believes and therefore alleges Saticoy Bay purchased the property at the HOA foreclosure sale, acquiring title via a foreclosure deed recorded November 18, 2014.

4.      Defendant Antrece Williams (**borrower**) is, on information and belief, a Nevada citizen.  The borrower is the former record title holder of the subject property.

5.      Does I through X, inclusive (the **Doe Defendants**), are individuals who may be liable for damages with the named defendants on the allegations set forth in this complaint or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112.  Linear may seek leave to amend this complaint to reflect the true names and identities of the Doe Defendants when known.

6.      Roe Corporations I through X, inclusive (the **Roe Defendants**), are corporate entities that may be liable for damages with the named defendants on the allegations set forth in this complaint or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112. Linear may seek leave of Court to amend this complaint to reflect the true names and identities of the Roe Defendants when known.

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 for the reasons stated above.

8.      Venue is proper in this court under 28 U.S.C. § 1391.  The property that is the subject of this action is located at 5841 Feral Garden Street, North Las Vegas, Nevada 89031 (**the property**).  Venue is proper in this Court under 28 U.S.C. § 1391(1) and (2) because this action seeks to determine an interest in property located within Clark County, Nevada and because this lawsuit arises out of a foreclosure of real property located within Nevada.

9.      The pre-litigation dispute resolution process set forth in NRS 38.300 *et seq.* is not applicable to this action and cannot restrict the jurisdiction of this court.  To the extent any

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1   requirement of the statute is applicable to any portion of the claims asserted herein, that requirement

2   has been constructively exhausted and further resort to administrative remedies would be futile

3   because Linear's predecessor submitted a demand for mediation to Nevada Real Estate Division

4   (**NRED**) on or about September 16, 2016, but NRED has failed to schedule the mediation in the time

5   period required by NRS 38.330(1).   NRED held a mediation between Linear's predecessor, the

6   HOA, and Saticoy Bay on February 24, 2017, ECF No. 38.

7   ## GENERAL ALLEGATIONS

8   10.   Under Nevada state law, homeowners' associations have the right to charge property

9   owners residing within the community assessments to cover the homeowners' associations' expenses

10  for maintaining or improving the community, among other things.

11  11.   When these assessments go unpaid, the association may impose a lien and then

12  foreclose on a lien if the assessments remain unpaid.

13  12.   NRS Chapter 116 generally provides a non-judicial foreclosure scheme for a

14  homeowners' association to conduct a non-judicial foreclosure where the unit owner fails to pay its

15  monthly assessments.

16  13.   NRS 116.3116 makes a homeowners' association lien for assessments junior to a first

17  deed of trust beneficiary's secured interest in the property, with one limited exception: a

18  homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the

19  extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the

20  extent of the assessments for common expenses based on the periodic budget adopted by the

21  association pursuant to NRS 116.3115 which would have become due in the absence of acceleration

22  during the 9 months immediately preceding institution of an action to enforce the lien[.]"

23  NRS 116.3116(2)(c).

24  The Deed of Trust and Assignment

25  14.   On or about February 19, 2011, the borrower refinanced her purchase of the property.

26  The borrower refinanced ownership of the property by way of a loan in the amount of $176,901.00,

27  evidenced by a note and secured by a deed of trust (the **senior deed of trust**) recorded March 11,

28

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

2011. A true and correct copy of the senior deed of trust is recorded with the Clark County Recorder as **Instrument No. 201103110001960**.

15. The note and the senior deed of trust are insured by the Federal Housing Administration (**FHA**). Pursuant to the FHA insurance, the lender was required to submit a monthly mortgage insurance payment to the FHA. FHA monthly mortgage insurance premiums were paid by either the borrower or the lender beginning with the initiation of the loan.

16. The senior deed of trust was assigned to U.S. Bank via a corporate assignment of deed of trust. A true and correct copy of the assignment is recorded with the Clark County Recorder as **Instrument No. 20170105-0002517**.

17. The senior deed of trust was assigned to Linear via a corporate assignment of deed of trust. A true and correct copy of the assignment is recorded with the Clark County Recorder as **Instrument No. 20181213-0000796**.

<u>The HOA Lien and Foreclosure</u>

18. Upon information and belief, the borrower failed to pay the HOA all amounts due to it. On February 11, 2013, the HOA, through its agent Leach Johnson Song & Gruchow, Ltd., recorded a notice of delinquent assessment lien. Per the notice, the amount due to the HOA was $1,144.97, which includes assessments, late charges, interest, costs, and penalties. A true and correct copy of the notice of lien is recorded with the Clark County Recorder as **Instrument No. 201302110001315**.

19. On May 24, 2013, the HOA, through its agent Leach Johnson, recorded a notice of default and election to sell real property to satisfy notice of delinquent assessment lien. The notice states the amount due to the HOA was $2,379.08, but does not specify whether it includes dues, interest, fees and collection costs in addition to assessments. A true and correct copy of the notice of default is recorded with the Clark County Recorder as **Instrument No. 201305240004989**. The notice of default also does not specify the super-priority amount claimed by the HOA and fails to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1).

20. On November 7, 2013, the HOA, through its agent Leach Johnson, recorded a notice of foreclosure sale. The trustee's sale was scheduled for February 27, 2014. The notice states the

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

amount due to the HOA was $4,160.11, which includes "the total amount of unpaid balance and reasonably estimated costs, expenses and advances at the time of initial publication of this notice, plus any subsequent Association Dues, fees charges [*sic*], expenses, and advances, if any, of the Homeowners Association and its Agent. . . ." A true and correct copy of the notice of sale is recorded with the Clark County Recorder as **Instrument No. 201311070002858**.

21.     In none of the recorded documents nor in any notice did the HOA and/or its agent provide notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount, or the consequences for failure to do so.

22.     In none of the recorded documents did the HOA and/or its agent identify the amount of the alleged lien that was for late fees, interest, fines/violations or collection fees/costs.

23.     In none of the recorded documents nor in any notice did the HOA and/or its agent specify whether it was foreclosing on the super-priority portion of its lien, if any, or on the sub-priority portion of its lien.

24.     In none of the recorded documents nor in any notice did the HOA and/or its agent specify the senior deed of trust would be extinguished by the HOA's foreclosure.

25.     In none of the recorded documents nor in any notice did the HOA and/or its agent identify any way by which the beneficiary under the senior deed of trust could satisfy the super-priority portion of the HOA's claimed lien.

26.     The deficiencies in the notices notwithstanding, on or about June 26, 2013, after the HOA recorded its notice of default, MERS as nominee for Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP (**BANA**), as then-loan servicer of the borrower's loan, through counsel at Miles Bauer Bergstrom & Winters LLP, sent written correspondence to the HOA and Leach Johnson offering to pay any alleged superpriority lien.  A true and correct copy of this correspondence is attached as **Exhibit 1**.  Miles Bauer stated, in part:

> Based on [NRS 116.3116(2)(b)], a portion of your HOA lien is arguably senior to BANA's first deed of trust, specifically per the cited Advisory Opinion, the nine (and only nine) months of assessments for common expenses incurred before the date of your notice of delinquent assessment dated May 24, 2013 . . . . It is unclear, based upon the information known to date, what amount the nine months' of common assessments pre-dating the NOD actually are.  That amount, whatever it is, is the amount BANA should be required to rightfully pay to fully discharge

its obligations to the HOA per NRS 116.3102 and my client hereby offers to pay that sum upon presentation of adequate proof of the same by the HOA.

27. The HOA, through Leach Johnson, responded to Miles Bauer's letter by asserting it could not provide any information without the written consent of the borrower. A true and correct copy of this correspondence is attached as **Exhibit 2**. But Leach Johnson, on behalf of the HOA, "fe[lt] compelled" to inform Bank of America the HOA's superpriority lien did not exist until the deed of trust was foreclosed. *Id*.

28. Leach Johnson explained the HOA's "nine month super priority is triggered by a foreclosure sale of the first deed of trust holder," meaning that upon that deed of trust foreclosure, the HOA's "lien claim is extinguished except for the nine month super-priority amount, which survives the [deed of trust] foreclosure and entitles the Association to its nine month super-priority claim against the foreclosing lender or any third party purchaser at the lender's foreclosure sale." *Id*. Once the deed of trust was foreclosed, Leach Johnson explained the HOA would first be paid the superpriority amount, then the loan secured by the deed of trust would be paid in full, and finally the HOA would have "an additional claim for any remainder balance it is owed." *Id*. Leach Johnson concluded: "**it is incorrect for [Bank of America] to assert that the NRS 116.3116 [superpriority] is effective against the Association prior to a completed lender foreclosure sale**." *Id*. (emphasis added).

29. Leach Johnson next chastised Bank of America for attempting to pay off the superpriority portion, explaining that because Bank of America "has not yet completed a foreclosure sale and taken title to the Property, [it] therefore cannot claim the benefit of the super priority." *Id*. "The Association has no legal relationship [with] and therefore no legal obligation, to communicate with or negotiate with a first deed of trust holder under any circumstance unless and until the lender is the record owner of the Property. Having a deed of trust gives [Bank of America] no right to information regarding the account." *Id*. Leach Johnson next made clear the HOA would never accept a payment of just nine months of assessments to satisfy its superpriority lien, explaining the "Association further disagrees with [Bank of America's] conclusion regarding the calculation of the amount of the super priority" as only nine months of delinquent assessments. *Id*.

. . .

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

30. Leach Johnson's position—of refusing to release any information regarding the borrower's account—was at odds with the HOA's covenants, conditions & restrictions (**CC&R**), of which Bank of America (and later Linear) was a third party beneficiary.

31. But for the HOA and Leach Johnson's actions, Bank of America would have physically delivered a check for nine months of assessments to the HOA prior to the HOA foreclosure sale.

32. The HOA and Leach Johnson's actions, as described above, rendered tender of a physical check to the HOA as futile. *Bank of America N.A. v. Thomas Jessup LLC Series VII*, 435 F.3d 1217 (2019).

33. The HOA foreclosed on the property on or about October 23, 2014. A foreclosure deed in favor of Saticoy Bay was recorded November 18, 2014. A true and correct copy of the foreclosure deed is recorded with the Clark County Recorder as **Instrument No. 20141118-0001742**.

34. Upon information and belief, the sale price at the sale was $83,100.00. The HOA's sale of the property to Saticoy Bay for less than 47% of the face value of the senior deed of trust, and, on information and belief, for a similarly diminutive percentage of the property's fair market value, is commercially unreasonable and not in good faith as required by NRS 116.1113.

## FIRST CAUSE OF ACTION

### (Quiet Title/Declaratory Judgment against All Defendants)

35. Linear repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

36. Pursuant to 28 U.S.C. § 2201 and NRS 30.040 *et seq.*, this court is empowered to declare the rights of parties and other legal relations of parties regarding the property.

37. An actual controversy has arisen between Linear and defendants regarding the property. The senior deed of trust is a first secured interest on the property. As a result of the HOA foreclosure sale, Saticoy Bay claims an interest in the property, and on information and belief, asserts Saticoy Bay owns the property free and clear of the senior deed of trust.

. . .

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

38.     Linear's interest in the senior deed of trust encumbering the property constitutes an interest in real property.

39.     Linear is entitled to a declaration that the HOA's foreclosure did not extinguish the senior deed of trust, or, alternatively, the HOA's foreclosure is void.

### NRS Chapter 116 Violates Linear's Right to Procedural Due Process

40.     Linear asserts that chapter 116 of the Nevada Revised Statutes' scheme of HOA super priority non-judicial foreclosure violates Linear's procedural due process rights under the state and federal constitutions.

41.     The Fourteenth Amendment of the United States Constitution protects Linear from being deprived of its deed of trust in violation of procedural due process guarantees of notice and an opportunity to be heard.

42.     Linear asserts that there is no way to apply Nevada's scheme of non-judicial HOA super priority foreclosure that complies with Nevada and the United States' respective guarantees of procedural due process.

43.     The state of Nevada has become sufficiently intertwined with HOA foreclosure such that federal procedural due process protections apply to Linear, to wit:

a)     The superpriority lien did not exist at common law, but rather is imposed by statute.

b)     In order to conserve governmental resources and fund the quasi-governmental HOA, Nevada's legislature made superpriority mandatory, expanded the superpriority duration from six to nine months, and declared it could not contractually subordinate its lien by provisions within a HOA's covenants, conditions, and restrictions.

c)     The superpriority lien has no nexus whatsoever to a private agreement between the HOA and Linear, but, again, is imposed by legislative enactment.

d)     Nevada and Clark County mandated the creation of the HOA as a quasi-governmental entity to perform governmental functions including maintaining the common open spaces and private streets within the HOA community.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

44.     Since the state of Nevada is responsible for the creation of the superpriority lien and has made it mandatory, then the state of Nevada's HOA superpriority foreclosure scheme is the result of state action subject to procedural due process safeguards.

45.     On its face, Nevada's scheme of non-judicial HOA superpriority foreclosure lacks any pre-deprivation notice requirements or post deprivation redemption options that are necessary components of due process:

a)      NRS 116.31162 and NRS 116.311635 do not require that an HOA provide Linear with written notice of the sum that constitutes the superpriority portion of the assessment lien.

b)      Chapter 116 of NRS seeks to insulate its scheme of superpriority non-judicial foreclosure by failing to provide any post-sale right of equity or redemption.

c)      Chapter 116 of NRS fails to provide Linear with a statutorily enforceable mechanism to compel an HOA to inform Linear of the sum of the HOA superpriority amount.

d)      As applied, the HOA non-judicial foreclosure violated federal procedural due process protections for Linear's deed of trust since Linear's predecessor was not provided with any notice that its offer to pay 9 months of assessments did not redeem the deed of trust's priority prior to the HOA foreclosure.

e)      As applied, the HOA non-judicial foreclosure violated federal procedural due process protections for Linear's deed of trust because the HOA affirmatively represented to Linear's predecessor that it was not proceeding on a superpriority lien, and affirmatively misrepresented that the superpriority lien included collection fees and costs.

46.     Linear requests that this court void the HOA foreclosure sale or declare that Saticoy Bay's title was acquired subject to the senior deed of trust because NRS 116's scheme of HOA superpriority foreclosure violates the procedural process clause of the Fourteenth Amendment of the United States Constitution, both facially and as applied to Linear.

. . .

. . .

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

*Additional Reasons the HOA Foreclosure Sale Did Not Extinguish the Senior Deed of Trust*

47.     The HOA sale is void or did not extinguish the senior deed of trust for additional reasons stated below.

48.     The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to describe the lien in sufficient detail as required by Nevada law, including, without limitation: whether the deficiency included a "superpriority" component, the amount of the superpriority component, how the superpriority component was calculated, when payment on the superpriority component was required, where payment was to be made or the consequences for failure to pay the super-priority component. Alternatively, the foreclosure sale is void.

49.     The foreclosure sale did not extinguish the senior deed of trust because Bank of America offered to physically deliver a check for nine months of assessments.  Based on the actions of the HOA and Leach Johnson, as described above, tender was futile.  The deed of trust was preserved as a matter of law. Alternatively, the foreclosure sale is void.

50.     The foreclosure sale did not extinguish the senior deed of trust because the sale fetched a grossly inadequate price and/or was unfair, oppressive, or fraudulent or otherwise failed to comply with the good faith requirement of NRS 116.1113 in several respects, including, without limitation, the lack of sufficient notice, the HOA's wrongful rejection of the tender attempt, the HOA's misrepresentation it was proceeding on a superpriority lien and the misrepresentation of the amount of the superpriority lien, the sale of the property for a fraction of the loan balance or actual market value of the property, a foreclosure that was not calculated to promote an equitable sales prices for the property or to attract proper perspective purchasers, and a foreclosure sale that was designed and/or intended to result in maximum profit for the HOA, its agent, and Saticoy Bay at the sale without regard to the rights and interest of those who have an interest in the loan and made the purchase of the property possible in the first place. Alternatively, the foreclosure sale is void.

51.     The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate Linear's rights to due process, as a result of the HOA's failure to provide sufficient

AKERMAN LLP

1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

notice of the superpriority component of the HOA's lien, the manner and method to satisfy it, and the consequences for failing to do so. Alternatively, the foreclosure sale is void.

52.     The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate Linear's rights to due process, as a result of the HOA's improper calculation of the superpriority component, its inclusion of charges that are not part of the superpriority lien under Nevada law, and its rejection of Bank of America's offer to tender the superpriority component of the lien. Alternatively, the foreclosure sale is void.

53.     The foreclosure sale did not extinguish the senior deed of trust because Saticoy Bay does not qualify as a bona fide purchaser for value, because it was aware of, or should have been aware of, the existence of the senior deed of trust, Bank of America's attempt to satisfy the superpriority component of HOA's lien, and the commercial unreasonableness of the HOA sale. Alternatively, the foreclosure sale is void.

54.      Linear is entitled to a declaration, pursuant to 28 U.S.C. § 2201, NRS 30.040, and NRS 40.010, that the HOA sale did not extinguish the senior deed of trust.

55.     Linear was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Breach of NRS 116.1113 against the HOA)

56.     Linear repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

57.     NRS 116.1113 and common law provide that every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement.

58.     The CC&Rs are a contract between the HOA and the homeowners within its community.

59.     Linear, as a mortgagee in the HOA community, is a third-party beneficiary under the CC&Rs.

. . .

. . .

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

60.     The CC&Rs explicitly recognize Linear's third-party beneficiary status, as the CC&Rs provide certain provisions solely for the benefit of mortgagees such as Linear.  For example, the CC&Rs specifically allow mortgagees such as Linear access to the HOA's books and records.

61.     The HOA breached the terms of its CC&Rs when its agent refused to provide Bank of America (Linear's predecessor) information related to the HOA's books and records upon Bank of America's request, as contemplated by the CC&Rs.

62.     NRS chapter 116 requires the HOA to comply with the obligations of the CC&Rs, including the above-referenced provision.

63.     After making this representation in the CC&Rs, the HOA is charged with a duty to inform lenders and loan servicers like Bank of America the amount of the superpriority lien, upon request by the lender and loan servicer.

64.     The HOA breached this duty when it refused to provide the requested information to Bank of America.

65.     As a senior lienholder, the HOA also owes all junior lienholders a duty of good faith to treat it fairly with regard to decisions regarding the disposal of the collateral securing the respective liens.

66.     The HOA breached its duty of good faith by not identifying the superpriority amount of its lien for Bank of America or Linear's predecessor, by not notifying Bank of America or Linear's predecessor that its representation regarding access to books and records was false, by not notifying Bank of America or Linear's predecessor the security interest was at risk, by not providing any reasonable opportunity for Bank of America or Linear's predecessor to protect their interest, by purporting to foreclose on the superpriority portion of its lien after representing to Bank of America or Linear's predecessor it was proceeding on a subpriority lien only, and by unfairly disposing of the collateral in a commercially unreasonable fashion.

67.     If it is determined HOA's sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, the HOA's breach of its obligation of good faith will cause Linear to suffer general and special damages in the amount equal to the fair

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA sale, whichever is greater.

68.    Linear was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### (Wrongful Foreclosure against the HOA)

69.    Linear repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

70.    To the extent defendants contend or the court concludes the HOA's foreclosure sale extinguished the senior deed of trust, the foreclosure was wrongful.

71.    Because the HOA and Leach Johnson failed to give adequate notice and an opportunity to cure the deficiency, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

72.    Bank of America attempted to pay the superpriority portion of the HOA's lien before the foreclosure sale.  *See* Exhibit 1.  Leach Johnson, on behalf of the HOA, informed Bank of America, *inter alia*, the superpriority lien did not currently exist, and the superpriority lien included collection costs and fees. *See* Exhibit 2.

73.    Bank of America did not physically tender payment of the superpriority lien to the HOA due to the HOA and its agent's obstruction.  *See id*.  Based on the representations made by Leach Johnson in this case and the course of conduct between Bank of America and Leach Johnson regarding payment of superpriority liens during this time period, tender was futile.  Leach Johnson would have rejected a physical payment of nine months of assessments and any nuisance abatement/maintenance charges in satisfaction of the superpriority lien.

74.    Because tender was futile, there was no default in the superpriority component of the HOA's lien at the time of the foreclosure sale, and the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

75.    Because the HOA and Leach Johnson sold the property for a grossly inadequate amount, compared to the value of the property and amount of outstanding liens defendants contend

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1   were extinguished by the foreclosure sale, the foreclosure was wrongful to the extent any defendant

2   contends it extinguished the senior deed of trust.

3   76.   Because the HOA and Leach Johnson violated the good faith requirements of NRS

4   116.1113, the foreclosure was wrongful to the extent any defendant contends it extinguished the

5   senior deed of trust.

6   77.   If it is determined the HOA's foreclosure sale extinguished the senior deed of trust

7   notwithstanding the deficiencies, violations, and improper actions described herein, the HOA and

8   Leach Johnson's actions will cause Linear to suffer general and special damages in the amount equal

9   to the fair market value of the property or the unpaid principal balance of the loan at issue, plus

10   interest, at the time of the sale, whichever is greater.

11   78.   Linear was required to retain an attorney to prosecute this action, and is therefore

12   entitled to collect its reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**

**(Injunctive Relief against Saticoy Bay)**

15   79.   Linear repeats and re-alleges the preceding paragraphs as though fully set forth herein

16   and incorporates the same by reference.

17   80.   Linear disputes Saticoy Bay's claim it owns the property free and clear of the senior

18   deed of trust.

19   81.   Any sale or transfer of the property by Saticoy Bay, prior to a judicial determination

20   concerning the respective rights and interests of the parties to this case, may be rendered invalid if

21   the senior deed of trust still encumbers the property in first position and was not extinguished by the

22   HOA sale.

23   82.   Linear has a substantial likelihood of success on the merits of the complaint, and

24   damages would not adequately compensate for the irreparable harm of the loss of title to a bona fide

25   purchaser or loss of the first position priority status secured by the property.

26   83.   Linear has no adequate remedy at law due to the uniqueness of the property involved

27   in this case and the risk of the loss of the senior security interest.

28   . . .

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

49191888;1

84.     Linear is entitled to a preliminary injunction prohibiting Saticoy Bay, or its successors, assigns, or agents, from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust.

85.     LInear is entitled to a preliminary injunction requiring Saticoy Bay to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

## FIFTH CAUSE OF ACTION

### (Deceptive Trade Practices against the HOA)

86.     Linear repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

87.     The HOA, in the course of its business, falsely represented the amount of the superpriority portion of its lien in its agent Leach Johnson's correspondence with Bank of America. *See* Exhibit 2.  In particular, the HOA asserted the superpriority lien included attorneys' fees and costs, and implied that it would not accept Bank of America's tender of the true superpriority lien of nine months of assessments for this property.

88.     The HOA, in the course of its business, falsely represented that no superpriority lien existed absent a deed of trust foreclosure, and that it was proceeding on a subpriority lien only.  *See id.*

89.     The HOA, in the course of its business, falsely asserted the information contained in the recitals in the trustee's deed upon sale—specifically, that the HOA complied with the law.  If the HOA foreclosed on a superpriority lien, it did not comply with the law because it misrepresented to Bank of America, as an interested party, that it was pursuing a subpriority lien only.  The HOA also misrepresented to the public, including Bank of America and Linear's predecessor, that it complied with the law when in fact it foreclosed on a void superpriority lien after Bank of America's tender attempt.  *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev. 2018) ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the superpriority portion, because it cannot extinguish the first deed of trust on the property.").

. . .

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

90.     These actions constituted a violation of NRS 598.092(8).

91.     These actions constituted a violation of NRS 598.0915(15).

92.     As a result of the actions of the HOA, Linear was damaged in an amount exceeding $10,000.00.

93.     Linear was required to retain an attorney to prosecute this action, and is therefore entitled to collect it reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### (Judicial Foreclosure against the Borrower)

94.     Linear repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

95.     The borrower has not paid the loan in accordance with the terms of the note and senior deed of trust.

96.     Linear has accelerated the loan balance in accordance with the terms of the note and senior deed of trust.

97.     Linear is entitled to enforce the note and senior deed of trust.

98.     The unpaid balance on the loan, exclusive of attorneys' fees and costs, is $229,162.93 as of February 28, 2017.

99.     The senior deed of trust provides that in the event the lender brings suit to recover on the note or foreclose on the senior deed of trust, the borrower shall pay a reasonable sum for attorneys' fees and costs.

100.    The senior deed of trust further provides in the event the lender advances any sums for payment of taxes, insurance or other assessments on the property, the borrower shall pay all such sums together with interest at the same rate of interest as provided in the note.

101.    Linear's senior deed of trust is paramount to the borrower's interest in the property.

102.    Linear is entitled to an order directing a foreclosure sale of the property based upon the borrower's default.

103.    Upon information and belief, the borrower does not occupy the property, and thus this action is exempted from the requirements of the Nevada Foreclosure Mediation Program.

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

104.    If the proceeds of sale do not satisfy Linear's judgment in full, Linear may amend its claim to seek a deficiency judgment against the borrower under NRS 40.455.

105.    Linear has been required to retain an attorney to prosecute this claim and is entitled to recovery of its attorneys' fees and costs under the senior deed of trust.

## SEVENTH CAUSE OF ACTION

### (Alternative Claim for Breach of Contract against the Borrower)

106.    Linear repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

107.    The borrower and Linear's predecessor in interest entered into a valid and existing contract—namely, a promissory note.  To the extent the HOA's foreclosure sale is valid, Linear is entitled to recover the amounts remaining due on the note from the borrower.

108.    The borrower breached the promissory note by failing to make the required monthly payments.

109.    Linear has accelerated the loan balance in accordance with the terms of the note and senior deed of trust.

110.    The unpaid balance on the loan, exclusive of attorneys' fees and costs, is $229,162.93 as of February 28, 2017.

111.    The senior deed of trust provides in the event suit is brought to recover on the note or foreclose the senior deed of trust, the borrower shall pay a reasonable sum for attorneys' fees and costs.

112.    Linear has been required to retain an attorney to prosecute this claim and is entitled to recovery of its attorneys' fees and costs under the senior deed of trust.

## PRAYER FOR RELIEF

Linear requests the Court grant the following relief:

1.    An order declaring that Saticoy Bay purchased the property subject to Linear's senior deed of trust;

2.    In the alternative, an order that the HOA foreclosure sale, and any resulting foreclosure deed, was void ab initio;

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

3.      In the alternative, an order requiring the HOA to pay Linear all amounts by which it was damaged as a result of the HOA and its agent Leach Johnson's wrongful foreclosure and/or violation of the good faith provisions of NRS 116.1113;

4.      A preliminary injunction prohibiting Saticoy Bay, its successors, assigns, or agents from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust;

5.      A preliminary injunction requiring Saticoy Bay to pay all taxes, insurance, and homeowner's association dues during the pendency of this action;

6.      For punitive damages in an amount greater than $10,000.00;

7.      That the court enter an order directing a foreclosure sale of the property based upon the borrower's default pursuant to Linear's claim for judicial foreclosure or, alternatively, enter a monetary judgment in favor of Linear and against the borrower for breach of contract for an amount in excess of $10,000.00;

8.      Reasonable attorneys' fees as special damages and the costs of suit; and

9.      For such other and further relief the Court deems proper.

DATED June 21, 2019.

**AKERMAN LLP**

*/s/  Natalie L. Winslow, Esq.*

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134

*Attorneys for Plaintiff Linear Mortgage, LLC*

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

# <u>INDEX OF EXHIBITS</u>

**Exhibit 1**    Miles, Bauer, Bergstrom & Winters' Letter dated June 26, 2013

**Exhibit 2**    Leach Johnson Song & Gruchow's Letter dated July 5, 2013

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{40388048;1}
49191888;1